held dutiable at 35 percent under paragraph 1503 and others at 20 percent under the same paragraph as modified by T. D. 49458. The protests were sustained to this extent.

No. 50084.—Protests 979631–G, etc., of Theo. L. Stern & Co., Inc. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the beads in question are the same in all material respects as those the subject of *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), the merchandise in question was held-dutiable as claimed.

No. 50085.—Protests 56928–K, etc., of Indestructible Pearl Bead Makers, Inc. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the beads in question are the same in all material respects as those the subject of *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), the merchandise in question was held dutiable as claimed.

No. 50086.—Protest 40177–K of Goodhand-Grafmuller, Inc. (New York).

Opinion by OLIVER, P. J. When the case was called for trial the Government examiner testified that he had examined the invoices involved and found certain gloves thereon to be the same as those represented by exhibit 1 in *United States* v. *Aris Gloves, Inc.* (31 C. C. P. A. 169, C. A. D. 268), which record was admitted in evidence herein. In accordance therewith the merchandise in question was held dutiable as claimed.

No. 50087.—Protests 80106–K, etc., of Coty Processing Co., Inc. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the merchandise in question is similar in all material respects to that the subject of Abstract 49387, the claim at 50 cents per pound and 40 percent ad valorem under paragraph 1539 (b) was sustained.

No. 50088.—Protests 46399–K, etc., of Dixie Veneer Co. et al. (Norfolk).

Opinion by OLIVER, P. J. It was stipulated that the flitches and half logs in question are similar in all material respects to those the subject of *United States* v. *Dixie Veneer Co., Inc.* (32 C. C. P. A. 75, C. A. D. 288). In accordance therewith the merchandise was held entitled to entry free of tax or duty as claimed.